Filed 7/1/13  P. v. Gilbert CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>WHYTINNIE LEE GILBERT et al.,<br><br>      Defendants and Appellants. | B241622<br><br>(Los Angeles County<br>Super. Ct. No. BA387578) |

THE COURT:[*]


Defendants Whytinnie Lee Gilbert (Gilbert) and Armand Jamall Johnson (Johnson) appeal following their convictions for second degree robbery in violation of Penal Code Section 211.[1]  The trial court denied Gilbert's motion to sever his trial from Johnson's.  The trial court sentenced Gilbert to the midterm of three years for the robbery and one consecutive year under section 667.5, subdivision (b) for having suffered a prior prison term, which he admitted.  Gilbert was awarded 68 days actual custody credits and 10 days of conduct credits.  The trial court sentenced Johnson to the midterm of three years.  Johnson was awarded 41 actual credit days and six conduct days.  The defendants

---

[*]      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]      All further references to statutes are to the Penal Code unless stated otherwise.

were ordered to make restitution in the amount of $200 to the victim to be paid jointly and severally.

We appointed counsel to represent defendants on this appeal. After examination of the record, counsel filed "Opening Briefs" acknowledging that they had been unable to find any arguable issues. On January 2, 2013, we advised Johnson that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. On February 28, 2013, we sent Gilbert the same notice. No response has been received to date from either defendant.

The record shows that Martha Melgar's shoulder bag was taken from her as she walked to the bus stop in the area of 58th Street and Hoover Street on August 1, 2011, at approximately noon. A Black man came from behind and pulled on the bag. When she did not let go of the bag, he began to drag her. The man tripped her and she fell. The man ran and entered the passenger door of a gold car that "took off." The bag contained $60 and a custom-made dental plate worth $350. She could not identify the robber at trial.

Edwin Rivas witnessed the robbery while stopped at a stoplight. He saw Gilbert snatch the victim's bag, drag her, and kick her as he started running away. He began sounding his horn and yelling at Gilbert. He saw Gilbert get into a gold Cadillac, and he saw Johnson at the wheel. Rivas took photographs of the Cadillac with a cell phone. The Cadillac sped away, and Rivas pursued it onto the freeway. Rivas continued to chase the Cadillac on the freeway and was able to obtain the license plate number. Rivas was communicating with a 911 operator, and the police told him not to pursue any further. Rivas identified the defendants in photographic lineups.

Linette Campos also saw the robbery. She saw the robber enter the open door of a tan or gold Cadillac. She selected Gilbert's photograph in a photographic lineup. She also identified Gilbert in court as the robber.

Police identified the registered owner of the Cadillac as McKinley Moore. Moore is Johnson's father, and Johnson sometimes used the surname Moore. Approximately

2

one-half hour after the robbery occurred, Johnson's sister, Niya Williams, called 911 to report that their father's car had been stolen. Johnson eventually responded to requests to speak with the police, and he was interviewed. He said he was in Lancaster on the day of the robbery and had not driven the Cadillac in over a year. At the end of the interview, he was arrested. He was told that his sister could face criminal charges for falsely reporting the car stolen. Johnson then told his interviewers that the Cadillac was stolen from him as he "was going to the post office." He asked his sister to report it because he did not have a valid license. Gilbert was a known associate of Johnson.

Dr. Robert Shomer testified as an expert on factors involving perception, memory and eyewitness identification. He provided the jury with information on the way eyewitness identification works based on "large-body science research." He stated that there is almost unanimous agreement it is very unreliable. Cross-racial identifications and those made in stressful situations are less accurate than others.

We have examined the entire record and are satisfied that defendants' attorneys have fully complied with their responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgments are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.